# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MHA, LLC, D/B/A "MEADOWLANDS HOSPITAL MEDICAL CENTER,", <br><br> **Plaintiff,** <br><br> v. <br><br> UNITEDHEALTH GROUP, INCORPORATED; UNITEDHEALTHCARE, INC.; UNITEDHEALTHCARE SERVICES, INC.; AMERICHOICE OF NEW JERSEY, INC. d/b/a UNITED HEALTHCARE COMMUNITY PLAN IN NEW JERSEY; OXFORD HEALTH PLANS, INC., OXFORD HEALTH PLANS LLC; OXFORD HEALTH PLANS (NJ), Inc., A/K/A/ OXFORD HEALTH PLANS OF NEW JERSEY, INC., HEALTH NET OF THE NORTHEAST INC., HEALTH NET OF NEW JERSEY, INC. and ABC Companies 1-100, and JOHN DOES 1-100, <br><br> **Defendants.** | Civ. No. 2:13-06130 (WJM) <br><br> **AMENDED ORDER** |

This is an application for temporary restraints in an insurance dispute between Plaintiff MHA, LLC ("MHA"), owner of a New Jersey hospital, and Defendants (together "United"), health insurers and managed care organizations that entered into Facility Participation Agreements ("FPAs") with MHA. Under the FPAs, Defendants' insureds were treated as in-network patients by MHA.

1

On August 30, 2013, MHA filed a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, alleging that United failed to reimburse MHA for medical care. *See* ECF No. 1. Subsequent to the filing of the suit, MHA President Lyn McVey informed United on October 2, 2013 that MHA was terminating the FPAs based on what McVey characterized as "material defaults." Nielsen Cert., Ex. G, ECF No. 16-5.

This matter was removed from the Superior Court of New Jersey, Law Division, Bergen County, on October 15, 2013. On October 25, 2013, MHA moved for a remand based on a lack of subject matter jurisdiction. ECF No. 5. After several letters between the parties, MHA reiterated on January 10, 2014, that the FPAs were terminated. Nielsen Cert., Ex. K, ECF No. 16-5.

On January 14, 2014, United filed an application for temporary restraints against MHA. ECF No. 16-1. Specifically, United sought to restrain MHA from conducting business as if the FPAs were terminated, and it also sought to restrain MHA from conducting business as if MHA was not in United's provider network. United also sought to restrain MHA from issuing out-of-network bills to United or United members who received services since December 7, 2010.

On January 21, 2014, the Honorable Mark Falk filed a Report and Recommendation recommending that the undersigned grant MHA's motion to remand based on a lack of jurisdiction. ECF No. 17.

In considering whether to grant a temporary restraining order, courts consider four factors: "(1) the likelihood of success on the merits of the underlying claim; (2) whether the movant will be irreparably injured if such relief is not granted; (3) the possibility of

harm to other interested persons from the grant or denial of the injunction; and (4) whether the public interest will be served by the preliminary relief." *Anonymous Oxford Health Plan Member with ID No. 95278903\*01 v. Oxford Health Ins., Inc.*, No. 12-2367, 2012 WL 2087425, at \*2 (D.N.J. June 8, 2012) (citing *Opticians Ass'n of Am. v. Ind. Opticians of Am.*, 920 F.2d 187, 191-92 (3d Cir. 1990)). The party seeking temporary restraints must demonstrate that each of these factors weigh in its favor. *Id.*

Here, based on Judge Falk's well-reasoned Report and Recommendation, it appears highly likely that the Court lacks jurisdiction in this matter. Accordingly, United has not demonstrated a likelihood of success on the merits. It follows that temporary restraints are not warranted.

For the above stated reasons; and for good cause appearing;

**IT IS** on this 23rd day of January 2014, hereby,

**ORDERED** that United's application for temporary restraints is **DENIED**.
.

                                                /s/ William J. Martini
                                           **WILLIAM J. MARTINI, U.S.D.J.**